### FREEMAN *v.* SMITH and Another.

The illegal discharge of a prisoner arrested upon a *ca. sa.*, amounts but to an escape.

It is not necessary, under s. 512, p. 151, 2 R. S. 1852, in order to retake the prisoner who has escaped from custody, that the same proceedings should be had as were requisite for his first arrest.

The doctrine that a levy is *prima facie* a satisfaction of an execution, does not apply to a case where a debtor is arrested upon execution, and the sheriff is compelled to accept such property as he tenders, not as a sufficiency to satisfy the debt, but with a view to his discharge upon an oath of insolvency.

APPEAL from the *Jay* Circuit Court.

PERKINS, J.—*Habeas corpus.* Prisoner remanded. *Freeman* filed his petition to the Circuit Court of *Jay* county, asking to be discharged from the custody of the sheriff of said county. He stated that in the fall of 1853, *Smith* and *Smith* obtained a judgment against him for over 600 dollars; that they charged him, under the statute in such case made and provided, with fraudulently concealing property, &c.; that, upon trial, the charge was found to be true, and a *capias* was thereupon awarded against him; that on being arrested, he surrendered to the sheriff a part of the property he had been convicted of secreting, and made oath before a magistrate that he had no further property, &c.,

and was discharged, in consequence, by the sheriff, from custody; but the proceedings in taking the oath before the magistrate, were not conformable to the requisitions of the statute, and were void.  Nothing is said as to what finally became of the property surrendered to the sheriff, as to the satisfaction of the judgment or any part of it, nor as to a further offer to take a legal oath of no property.  He further stated that in the spring of 1856, *Smith* and *Smith*, without a *scire facias*, or any immediate previous proceedings, procured him to be re-arrested, by virtue of another *capias*, upon the same judgment pursuant to which the former arrest had taken place.  This latter writ was returned by the sheriff as the cause of the detention of the prisoner.

May Term,
**1856.**

FREEMAN
*v.*
SMITH.

The discharge of the prisoner upon his oath, before the magistrate, having been illegal, it amounted but to an escape.  *Wendover* v. *Tucker*, 4 Ind. R. 381, and cases cited.  And our statute, 2 R. S., p. 151, s. 512, enacts, that " any person escaping from custody may be retaken by the same or a new execution against his body, or his property may be proceeded against in the same manner as if his body had never been taken in execution."

It is contended that this statutory provision should be construed to mean, that any person escaping may be retaken, after such proceedings had as were requisite to his first arrest.  But we do not think so.  Suppose the party re-arrested within five minutes after he had made his escape.

It is also urged that a levy upon property is *prima facie* a satisfaction of the judgment, &c.; and such, as a general proposition, is the law.  But we do not think such a presumption can exist where the officer has not had an opportunity to levy upon property in his own discretion, but has been compelled to accept such as the debtor surrendered, not as a sufficiency to satisfy the debt, but as being all the person possessed, and with a view to taking an oath of insolvency.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Smith*, for the appellant.